**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

ERIC DUNCAN; *et al.*                                                                        PLAINTIFFS

v.                                          2:15CV00077-KGB-JJV

WOODRUFF COUNTY JAIL; *et al.*                                                  DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the new hearing (if such a  hearing is granted) was not offered at  the hearing before the Magistrate Judge.

3.        The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

1

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.   INTRODUCTION

Eric Duncan, Thomas Dixon, and Michael G. Burrow filed this action *pro se* and pursuant to 42 U.S.C. § 1983, alleging the named Defendants violated their constitutional rights.  (Doc. No. 1.)  On June 9, 2015, Plaintiffs submitted an Amended Complaint which supercedes the original and now governs this action.  (Doc. No. 4.)  Defendant Duncan has also filed an Addendum.  (Doc. No. 13.)  After review of the pleadings, I recommend this action be dismissed.

## II.   SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

2

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

## III.   ANALYSIS

Plaintiffs brought this action alleging that: (1) on May 20, 2015, they were served moldy bread; (2) the prison chili caused them indigestion and, on one occasion, contained a rock; (3) they have not received all the medication they have been prescribed; (4) the sinks in their cells dispense only hot water; (5) their cells contain black mold; (6) the cell walls were sprayed with bleach and the resultant fumes made them sick; (7) there are no "T.B. lights in the facility"; (8) Plaintiff Duncan suffers from two ruptured discs in his back and medical care has not been timely; (9) the cells are overcrowded; and (10) there is no licensed practitioner on staff to dispense medication. (Doc. No. 4 at 4-8.)[1]

At the outset, I find that Plaintiffs Thomas Dixon and Michael Burrow have failed to submit either a properly completed Application to Proceed *in forma pauperis* or their share of the statutory filing fee. Both were warned that their claims would be dismissed if they failed to account for the fee. (Doc. Nos. 2, 5.) Accordingly, I recommend these Plaintiffs be dismissed.

Turning to Plaintiff Duncan's claims, I find he has failed to state a viable claim against any

---

[1] I note that many of these claims are asserted against individuals who have not been listed as Defendants to this action, have not been named at all, or simply referred to "they" and "them." (Doc. No. 4 at 4-8.) I have declined to make assumptions about whom Plaintiffs are referencing and have considered only those claims which have been clearly asserted against a named Defendant.

of the named Defendants.

### A.      Woodruff County Jail

First, Defendant Woodruff County Jail, as a department of local government, is not a suable entity under section 1983.  *See Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th Cir. 1992).  Accordingly, Plaintiff's claims will be evaluated only with respect to Sheriff Phil Rennolds and Jail Administrator Jody Akins.

### B.      Sheriff Phil Rennolds

I find that Plaintiff Duncan has failed to allege any viable claim against Sheriff Rennolds. Notably, he has not made any allegation that this Defendant personally violated his rights in any way. Indeed, his Statement of Claim makes no specific reference to Sheriff Rennolds.  To the extent he is suing the Sheriff based on a theory of supervisory liability, that claim also fails.  *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) ("[A] supervisor incurs liability for an Eighth Amendment violation when the supervisor is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation.").  Absent allegations that he was personally involved in or deliberately indifferent toward any of the purported violations, I must recommend Sheriff Rennolds's dismissal.

### C.      Defendant Jody Akins

Plaintiff Duncan's lone claim against Defendant Akins concerns the alleged inadequacy of his meals.  He states he informed this Defendant that: (1)  the prison chili gave him indigestion and heartburn; (2) on an unspecified date he encountered a rock in one serving of chili that chipped his tooth; and (3) bread served on May 20, 2015, was moldy.  (Doc. No. 4 at 4.)  Defendant Akins allegedly told Plaintiff Duncan that he would eat what was served or go without food.  (*Id.*)  A prisoner is entitled to adequate nutrition, but any claim based on the nutritional adequacy of his

meals must demonstrate that his meals "[were] nutritionally inadequate or prepared in a manner presenting an immediate danger to his health, or that his health suffered as a result of the food." *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992). Here, Plaintiff has not alleged that his health has suffered as a result of the meals served at the prison. His claim that the chili causes him indigestion and heartburn, while unfortunate, is not indicative of a serious threat to his health. Similarly, his allegations concerning a rock in his chili and mold on his bread are presented as one-time occurrences for which Defendant Akins was not personally responsible.

Based on the foregoing, I recommend this Defendant be dismissed.

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiffs Thomas Dixon and Michael G. Burrow be DISMISSED without prejudice for failure to comply with Local Rule of the Court 5.5(c)(2).[2]

2.      Plaintiffs' Amended Complaint (Doc. No. 4) and Addendum (Doc. No. 13) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

3.      Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g)

---

[2]Local Rule of the Court 5.5(c)(2), states:

It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Loc. R. 5.5(c)(2).

against Plaintiff Eric Duncan.[3]

    Dated this 22nd day of July, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."