IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**ERIC DUNCAN,** *et al*.                                                                                          **PLAINTIFFS**

v.                               Case No. 2:15-cv-0077-KGB/JJV

**WOODRUFF COUNTY JAIL,** *et al*.                                                                  **DEFENDANTS**

### ORDER

The Court has received Proposed Findings and Recommendations from United States Magistrate Judge Joe J. Volpe (Dkt. No. 23). There have been no objections filed, and the time for filing objections has passed. The Court received and reviewed the supporting documentation that plaintiff Eric Duncan mailed to the Court (Dkt. No. 26). After a review of the Proposed Findings and Recommendations and Mr. Duncan's supporting documentation, as well as a *de novo* review of the record, the Court adopts the Proposed Findings and Recommendations in their entirety.

The Court writes separately to address the supporting documentation that Mr. Duncan mailed to the Court (Dkt. No. 26). In those documents, Mr. Duncan makes several factual allegations regarding his medications. Specifically, Mr. Duncan alleges that a person named Sherman brought his medicine and that Mr. Duncan did not sign the medicine log. Mr. Duncan also contends that a person referred to as Brandon returned with the medicine log later that day; Mr. Duncan contends that someone had forged Mr. Duncan's signature on the log. According to Mr. Duncan, Terry McCabe falsified documents by forging Mr. Duncan's name on the medicine log. Mr. Duncan submitted a copy of the medicine log at issue and unsworn statements from three other individuals who stated that either Mr. Duncan did not sign the medicine log or that they did not see him sign the medicine log. Mr. Duncan also alleges that a person named James

Beard opened some of his legal mail and that a trustee named Austin Tinkle was instructed by Ms. Olivia to bring Mr. Duncan's medications to him.

This Court notes that, even if these factual allegations were accepted as true, Mr. Duncan named only Sherriff Phil Rennolds and Jody Atkins as defendants in his complaint. He did not name any other defendants and has not explained how these two defendants would be liable for the alleged acts of Sherman, Brandon, Terry McCabe, James Beard, Austin Tinkle, or Ms. Olivia. For the reasons stated in the Proposed Findings and Recommendations, this Court determines that Mr. Duncan's complaint and amended complaint against Sherriff Rennolds and Mr. Atkins fail to state a claim upon which relief may be grant. Accordingly, Mr. Duncan's claims against Sherriff Rennolds and Mr. Atkins are dismissed.

Mr. Duncan's claim against Woodruff County Jail, a department of local government, is dismissed because that entity is not an entity subject to suit under 42 U.S.C. § 1983. To the extent that the Woodruff County Jail would be subject to suit as a branch of the municipal government, Mr. Duncan's complaint fails to allege any policy or custom on the part of the municipality that would give rise to liability under § 1983. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978).

The Court dismisses without prejudice plaintiffs Thomas Dixon and Michael G. Burrow's claims based on their failure to comply with Local Rule of the Court 5.5(c)(2).

Dismissal of this action counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

It is so ordered, this 28th day of December, 2015.

*[signature]*
Kristine G. Baker
United States District Judge